# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARTHUR BUSH,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>Defendant. | Case No. 19cv1508 CAB (NLS)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his September 1995 conviction in San Diego County Superior Court case number SCD108063. On January 25, 2001, Petitioner filed in a Court a Petition for Writ of Habeas Corpus in case No. 01cv0142 BEN (NLS). In that petition, Petitioner challenged his September 1995 conviction as well. On March 3, 2009, this Court denied the petition on the merits. (*See* Order filed March 3, 2009 in case No. 01cv0142 BEN (NLS) (ECF No. 90).) Petitioner appealed that determination. On February 16, 2011, the Ninth Circuit Court of Appeals affirmed the district court's

///

1

decision denying habeas relief. (*See* Order in *Bush v. Pliler*, No. 09-55465 (9th Cir. Feb. 16, 2011) (ECF No. 101).)

Petitioner is now seeking to challenge the sentence imposed as a result the conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.

**IT IS SO ORDERED**.

Dated: September 16, 2019

Hon. Cathy Ann Bencivengo
United States District Judge