`

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARTHUR BUSH,<br><br>                                Petitioner,<br>v.<br><br>ROBERT NEUSCHMID,<br><br>                                Respondent. | Case No.: 19cv1508-CAB-NLS<br><br>**ORDER DENYING MOTION TO VACATE SUMMARY DISMISSAL [Doc. No. 8]** |

On August 9, 2019, Petitioner Anthony Arthur Bush, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 US.C. §2254 ("Petition"). [Doc. No. 1.] On September 16, 2019, this Court issued a summary dismissal of the Petition pursuant to 28 U.S.C. §2244(b)(3)(A) on the grounds that Petitioner had already filed a previous petition regarding the same (September 1995) state court conviction and had not received permission from the Ninth Circuit Court of Appeals to file a successive petition. [Doc. No. 2.] On October 30, 2019, Petitioner filed a notice of appeal with the Ninth Circuit Court of Appeals. [Doc. No. 3.] On November 19, 2019, Petitioner filed a motion to vacate summary dismissal pursuant to Rule 60(a), (b)(1), (3) and (4). [Doc. No. 8.]

A. Legal Standard.

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final

judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b). Further, the Rule provides that a motion brought under it "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

B. Discussion.

Here, Petitioner does not present grounds under Rule 60. Rather, he argues that the state court judgment of conviction is incorrect, he has asked the state court to correct the error, and the state court has refused to do so. [Doc. No. 8 at 1.] Nevertheless, Petitioner continues to seek review in this court of the same state court judgment that was the subject of his previous petition. As a result, this is a successive petition, and Petitioner must obtain permission from the Ninth Circuit Court of Appeals to file a successive petition. *See* 28 U.S.C. §2244(b)(3)(A); *see also Burton v. Stewart,* 549 U.S. 147, 153 (2007).

C. Conclusion.

For the reasons set forth above, the motion to vacate summary dismissal is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 5, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge